UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

MAGGIE FROST, on behalf of herself and all others
similarly situated,

                                    Plaintiff,

        -against-


ALDI INC.,

                                Defendant.

------------------------------------------------------------

24-cv-07095 (MKV)

**ANSWER**

**DEMAND FOR JURY TRIAL**

Defendant ALDI Inc. (hereinafter "ALDI") by its attorneys, Simon▪Lesser PC and The

Food Lawyers, as and for its Answer to Plaintiff Maggie Frost's ("Plaintiff") Complaint, dated

September 18, 2024 (the "Complaint"), alleges and states as follows:

## INTRODUCTION

1.      In response to paragraph 1 of the Complaint, ALDI denies that the "100% Pure"

portion of the Avocado Oil Representation is prominently displayed on the packaging.  ALDI

also denies the statement in the unnumbered preface before paragraph 1 that ALDI has allegedly

used "false and deceptive advertising and labeling of its avocado oil products."

2.      In response to paragraph 2 of the Complaint, ALDI denies the allegations in the

second sentence that "unbeknownst to consumers, the Class Products are adulterated with other

oils."  ALDI does not have knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in the first sentence of paragraph 2.

3.      In response to paragraph 3 of the Complaint, ALDI denies that the Class Products

(namely, Simply Nature 100% Pure Avocado Oil) were falsely and deceptively labeled.  ALDI

admits that Plaintiff seeks relief for alleged violations of New York General Business Law

Sections 349 and 350 and for alleged breach of express warranty and fraud, but ALDI denies that it engaged in any alleged wrongful conduct.

**JURISDICTION AND VENUE**

4.    The allegations in paragraph 4 of the Complaint assert legal conclusions to which no response is required.  ALDI does not, however, contest this Court's subject matter jurisdiction to decide the case.

5.    The allegations in paragraph 5 of the Complaint assert legal conclusions to which no response is required.  ALDI does not, however, contest this Court's personal jurisdiction over ALDI.

6.    The allegations in paragraph 6 of the Complaint assert legal conclusions to which no response is required.  ALDI does not, however, contest venue in this Court.

**PARTIES**

7.    In response to paragraph 7 of the Complaint, ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

8.    In response to paragraph 8 of the Complaint, ALDI denies that "Plaintiff has suffered injury in fact and lost money as a result of ALDI's [alleged] misleading, false, unfair, and deceptive practices."  ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations in paragraph 8.

**DEFENDANT**

9.    ALDI admits the allegations in paragraph 9 of the Complaint.

10.    In response to paragraph 10 of the Complaint, ALDI denies that it is, or was, directly involved in the manufacturing of the subject products.

2

11.     The allegations in paragraph 11 of the Complaint assert a legal conclusion regarding the statute of limitations to which no response is required, but ALDI otherwise does not deny that it labeled, advertised, distributed and sold the subject product under its private label brand.

## FACTUAL ALLEGATIONS

12.     ALDI admits the allegations in paragraph 12 of the Complaint, except ALDI denies that the "100% Pure" portion of the Avocado Oil Representation is prominently displayed (the way that "Avocado Oil" is prominently displayed).

13.     In response to paragraph 13 of the Complaint, ALDI admits that the label states "100% pure avocado oil."

14.     In response to paragraph 14 of the Complaint, ALDI admits that the front label depicts an avocado cut open but ALDI denies that the image adds "to the effect of the representation."

15.     In response to paragraph 15 of the Complaint, ALDI admits that the ingredient list on the Class Products' back label lists "refined avocado oil" as the only ingredient but ALDI denies the "message is further reinforced."

16.     In response to paragraph 16 of the Complaint, ALDI admits that it does not state on the packaging that the Class Products are adulterated with other oils – (because ALDI has had no reason to believe that they are anything other than pure avocado oil).  ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "Thus, consumers reasonably believe the Class Products are 100% pure avocado oil."

17.     ALDI denies the allegations in paragraph 17 of the Complaint.

18.     ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint.

19.     ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint.

20.     ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint.

21.     ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint.

22.     ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint.

23.     ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23.

24.     ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint.

25.     ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint.

26.     ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Complaint .

27.     In response to paragraph 27 of the Complaint, ALDI admits that there was such an article in the Washington Post but ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the quoted material from the article.

28.     In response to paragraph 28 of the Complaint, ALDI admits that there was such an article in the Washington Post and such a study by UC Davis but ALDI does not have

knowledge or information sufficient to form a belief as to the truth or falsity of the information in the article and the study.

29.    ALDI denies the allegations in paragraph 29 of the Complaint.

30.    In response to paragraph 30 of the Complaint, ALDI admits that Plaintiff purports to bring this lawsuit as a class action for a nationwide class and a New York subclass but ALDI denies that the case is a proper one for class action treatment.

31.    ALDI takes no position with respect to the allegations in paragraph 31 of the Complaint which merely state who Plaintiff seeks to exclude from any certified class, and ALDI otherwise denies that the case is a proper one for class action treatment.

32.    In response to the allegations in paragraph 32 of the Complaint, ALDI states that Plaintiff purports to assert a reservation of a rights to modify the definition of the proposed classes, and otherwise denies the allegations.

33.    ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33 of the Complaint, but ALDI otherwise denies that the case is a proper one for class action treatment.

34.    ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Complaint, but ALDI otherwise denies that the case is a proper one for class action treatment.

35.    ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 of the Complaint, but ALDI otherwise denies that the case is a proper one for class action treatment.

36.    ALDI denies the allegations in paragraph 36 of the Complaint.

37.    ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Complaint, but ALDI otherwise denies that the case is a proper one for class action treatment.

38.    ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38 of the Complaint, but ALDI otherwise denies that the case is a proper one for class action treatment.

39.    ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 of the Complaint, but ALDI otherwise denies that the case is a proper one for class action treatment.

40.    ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40 of the Complaint, but ALDI otherwise denies that the case is a proper one for class action treatment

## COUNT ONE

**Violation of New York's General Business Law § 349**
**(On Behalf of the New York Subclass)**

41.    In response to paragraph 41 of the Complaint, ALDI incorporates by this reference its responses to paragraphs 1 through 40 set forth above.

42.    In response to paragraph 42 of the Complaint, ALDI admits that Plaintiff purports to bring a claim under New York General Business Law § 349 but ALDI denies that it violated it.

43.    In response to paragraph 43 of the Complaint, ALDI admits that Plaintiff purports to bring a claim under New York General Business Law § 349 but ALDI denies that it violated it.

44.    ALDI denies the allegations contained in paragraph 44 of the Complaint.

6

45.    ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45 of the Complaint, but ALDI otherwise denies that it violated GBL § 349.

46.    ALDI denies the allegations in paragraph 46 of the Complaint.

47.    ALDI denies the allegations in paragraph 47 of the Complaint.

48.    ALDI denies the allegations in paragraph 48 of the Complaint.

49.    ALDI denies the allegations in paragraph 49 of the Complaint.

50.    ALDI denies the allegations in paragraph 50 of the Complaint.

## COUNT TWO

### Violation of New York's General Business Law § 350
### (On Behalf of the New York Subclass)

51.    In response to paragraph 51 of the Complaint, ALDI incorporates by this reference its responses to paragraphs 1 through 50 set forth above.

52.    In response to paragraph 52 of the Complaint, ALDI admits that Plaintiff purports to bring a claim under New York General Business Law § 350 but ALDI denies that it violated it.

53.    In response to paragraph 53 of the Complaint, ALDI admits that Plaintiff purports to bring a claim under New York General Business Law § 350 but ALDI denies that it violated it.

54.    ALDI denies the allegations in paragraph 54 of the Complaint.

55.    ALDI denies the allegations in paragraph 55 of the Complaint.

56.    ALDI denies the allegations in paragraph 56 of the Complaint.

57.    ALDI denies the allegations in paragraph 57 of the Complaint.

58.    ALDI denies the allegations in paragraph 58 of the Complaint.

## COUNT THREE
### Breach of Express Warranty
**(For all Classes)**

59.     In response to paragraph 59 of the Complaint, ALDI incorporates by this reference its responses to paragraphs 1 through 58 set forth above.

60.     In response to paragraph 60 of the Complaint, ALDI admits that Plaintiff purports to bring a claim for breach of express warranty but ALDI denies there was any such breach.

61.     In response to paragraph 61 of the Complaint, ALDI does not deny that Plaintiff's counsel sent the September 6, 2024 letter, but ALDI denies there was, or is, any merit to the contents of the September 6, 2024 letter.

62.     ALDI denies the allegations in paragraph 62 of the Complaint.

63.     ALDI denies the allegations in paragraph 63 of the Complaint.

64.     ALDI denies the allegations in paragraph 64 of the Complaint.

## COUNT FOUR
### Fraud
**(For all Classes)**

65.     In response to paragraph 65 of the Complaint, ALDI incorporates by this reference its responses to paragraphs 1 through 64 set forth above.

66.     In response to paragraph 66 of the Complaint, ALDI admits that Plaintiff purports to bring a claim for fraud but ALDI denies there is any merit to that claim.

67.     ALDI denies the allegations in paragraph 67 of the Complaint.

68.     In response to paragraph 68, ALDI does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68 of the Complaint, but ALDI denies that it engaged in any wrongful conduct.

69.     ALDI denies the allegations in paragraph 69 of the Complaint.

8

70.     ALDI denies the allegations in paragraph 70 of the Complaint.

71.     ALDI denies the allegations in paragraph 71 of the Complaint.

**WHEREFORE,** ALDI denies liability to Plaintiff in any manner or sum whatsoever.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against ALDI upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action individually or as a class representative for reasons that include that she was not damaged in any way by her alleged purchase of the avocado oil product because she bought it three days after the August 27, 2024 Washington Post article came out (that she and/or her attorney read), with a plan to bring this lawsuit.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not an appropriate class representative for reasons that include she was not a typical, regular consumer purchasing the avocado oil product but rather she bought it three days after the August 27, 2024 Washington Post article came out (that she and/or her attorney read), with a plan to bring this lawsuit.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

This is not an appropriate case for treatment as a class action for reasons that include a lack of predominant questions, lack of typicality, and lack of adequate class representation.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief may be barred by the doctrines of laches, estoppel, unclean hands, and/or waiver.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred under the preemption doctrine due to being expressly or impliedly preempted by federal law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

ALDI had no knowledge or reason to believe that any of its suppliers was providing something other than 100% avocado oil for the products at issue.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), ALDI hereby demands a trial by jury in this matter of all issues so triable.

**WHEREFORE,** ALDI Inc. respectfully requests that the Court enter judgment against Plaintiff: (i) dismissing the Complaint with prejudice; (ii) awarding ALDI its costs, expenses and reasonable attorneys' fees; and (iii) awarding ALDI such other and further relief as the Court deems just and proper.

Dated: February 20, 2025

Respectfully submitted,

SIMON▪LESSER PC

By: *Leonard F. Lesser*

Leonard F. Lesser, Esq.
100 Park Avenue, 16th Floor
New York, New York 10017
212.599.5455
llesser@simonlesser.com

-and-

10

THE FOOD LAWYERS®
George C. Salmas (pro hac vice pending)
george.salmas@thefoodlawyers.com
Michael R. Hambly (pro hac vice pending)
michael.hambly@thefoodlawyers.com
1880 Century Park East, Suite 611
Los Angeles, California 90067
310.556.0721

*Attorneys for Defendant ALDI Inc.*

11