# BURSOR & FISHER

P.A.

1990 NORTH CALIFORNIA BLVD.
9th Floor
WALNUT CREEK, CA 94596
www.bursor.com

NEAL J. DECKANT
Tel: 925.300.4455
Fax: 925.407.2700
ndeckant@bursor.com

March 21, 2025

*Via ECF:*

The Honorable Judge Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 18C
New York, NY 10007

Re:    *Frost v. ALDI Inc.*, No. 1:24-cv-07095-RAMKV

Pursuant to the Court's February 28, 2025 Order (Dkt. No. 15), Plaintiff Maggie Frost ("Plaintiff") and Defendant ALDI Inc. ("Defendant" or "ALDI") hereby submit this joint letter in advance of the initial status conference.

## I.    NATURE OF THE ACTION AND PRINCIPAL DEFENSES

On September 18, 2024, Plaintiff filed the Class Action Complaint on behalf of herself and all others similarly situated under Rule 23, regarding an alleged misrepresentation with regard to Defendant's Simply Nature 100% Pure Avocado Oil (the "Class Products"). Complaint ("Compl.") ¶ 1. Plaintiff contends that reasonable consumers believed, based on the "100% Pure Avocado Oil" representation, that the Class Products indeed contain 100% pure avocado oil. *Id.* ¶ 2. However, the Class Products are not 100% pure avocado oil and, instead, are adulterated with other oils. *Id.* ¶ 17.

Plaintiff asserts claims on behalf of herself, a nationwide class of persons who purchased a Class Product, and a New York Subclass of persons who purchased a Class Product, for (1) violation of New York's Gen. Bus. Law ("GBL") § 349; (2) violation of GBL § 350; (3) breach of express warranty; and (4) fraud.

Aldi has three principal defenses. The first defense, a factual one, is that ALDI had no knowledge or reason to believe that any of its suppliers was providing anything other than 100% avocado oil for the products at issue.

The second defense (which is actually several defenses in one) is that Plaintiff Maggie Frost lacks standing, was not damaged, and did not reasonably rely on the product's labeling because she alleges that she bought the avocado oil three days after an August 27, 2024 Washington Post article about adulterated avocado oil products that she and/or her attorney read,

with a plan to bring this lawsuit.  As a result, she is not typical of the members of the classes she seeks to represent.[1]

The third defense arises from the fact that ALDI gets its avocado oil from several different suppliers.  Even assuming, for the sake of argument, that at least one of those suppliers was providing something less than 100% pure avocado oil, as long as at least one other supplier was indeed providing pure avocado oil, then various members of the putative classes would be in very different situations with some not misled by labeling at all depending on which supplier's oil they purchased.  There would be no typicality and the answer to the fundamental, predominant question in this case (did they indeed get 100% pure avocado oil as indicated on the label of the product they purchased) would not be shared among them.

## II.    JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, there are over 100 members of the putative class, and Plaintiff, as well as most members of the proposed class, is a citizen of a state different from Defendant. Compl. ¶ 4.

This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with the State of New York, and/or otherwise intentionally avails itself of the State of New York, through the promotion, marketing, and sale of the Class Products in this State (including this District) to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.  *Id.* ¶ 5.

Pursuant to 28 U.S.C. § 1391(b)(2), this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Specifically, Plaintiff purchased the Class Product in this District.  *Id.* ¶ 6.

Plaintiff is a citizen and resident of the United States and the State of New York, and she currently resides in New York, New York.  *Id.* ¶ 7.  Defendant is an Illinois corporation with its headquarters and principal place of business in Batavia, Illinois.  *Id.* ¶ 9.

ALDI does not contest subject matter jurisdiction, personal jurisdiction, or venue.

## III.    PROCEDURAL POSTURE

Defendant filed its Answer to the Class Action Complaint on February 20, 2025.

---

[1] Plaintiff's counsel disagrees with this contention, which appears to be based solely on the timing of the Washington Post article (*i.e.*, 8/27/24) and the date that Plaintiff Frost purchased her avocado oil (*i.e.*, 8/30/24).  Plaintiff's counsel would not – and did not – encourage Plaintiff Frost to purchase her avocado oil with the intent of bringing this lawsuit.

As this case is a putative Rule 23 class action, Plaintiff intends to move for class certification. In support of her motion, Plaintiff will likely introduce expert reports for class certification purposes, such as those from an expert economist. Defendant also will likely have experts in opposition to class certification. A proposed schedule is set forth in the Parties' accompanying Case Management Plan and Scheduling Order.

ALDI does not presently intend to file any motions in the near future but research may lead to a motion.

## IV.    DISCOVERY

Plaintiff served Defendant with her initial discovery requests on March 7, 2025. Plaintiff intends to take 30(b)(6) depositions as well as expert depositions.

Plaintiff made her initial disclosures on March 21, 2025, and ALDI expects to serve its initial disclosures by March 26, 2025. ALDI expects to serve interrogatories and document requests and to eventually take the depositions of Plaintiff and any experts retained on behalf of Plaintiff.

## V.    SETTLEMENT DISCUSSIONS

On March 21, 2025, the Parties held a settlement conference call for more than an hour.

Very truly yours,

Neal J. Deckant