# BURSOR & FISHER
P.A.

**1990 N. CALIFORNIA BLVD.**
**9TH FLOOR**
**WALNUT CREEK, CA 94596**
**www.bursor.com**

**NEAL J. DECKANT**
Tel: **925.300.4455**
Fax: **925.407.2700**
ndeckant@bursor.com

August 28, 2025

**Via Electronic Filing**
Hon. Mary Kay Vyskocil
United States District Judge

RE:    ***Frost v. Aldi Inc.***; Case No. 1:24-cv-07095

Your Honor:

I represent the Plaintiff in this matter related to Defendant Aldi's marketing and sale of Simply Nature 100% Pure Avocado Oil. I write pursuant to Local Rule of Civil Procedure 37.2 and Rule 3(D) of the Court's Individual Rules of Practice in Civil Cases to request an informal conference to address Plaintiff's outstanding discovery disputes after unsuccessfully attempting to reach resolution.

**Plaintiff's Position:**

Since at least May, Plaintiff's counsel has reviewed numerous protective order ("P.O.") proposals. The parties have a fundamental dispute as to confidentiality: Plaintiff's counsel does not believe there is a compelling reason for two-tiered "Confidential" and "Attorney's Eyes Only" designations.[1]

Indeed, counsel for Defendant unilaterally imposed (without a P.O. being entered) "Attorney's Eyes Only" confidentiality designation on over 50 percent (277) of the produced documents. Defendant also marked almost all the other documents in the production as "Confidential." The following chronology provides the attendant circumstances for the present dispute:

- May 9: Defendant's counsel emailed Plaintiff's counsel: "We will circulate next week a proposed Confidentiality Stipulation and Protective Order." (5/9 Email, L. Lesser)
- May 12: Plaintiff's counsel emailed Defendant seeking information on when they would propose a P.O.. Counsel for Defendant expressed that they would "deal with other aspects" like the P.O. after further contact with the client. (5/12 Email, M. Hambly)
- May 16: Plaintiff's counsel contacted Defendant to check on the status of the proposed P.O. and offered to "send over a draft of the one preferred by the Magistrate Judge assigned to this matter if helpful." (5/16 Email, T. Peter). Defendant did not respond.
- May 27: Defendant proposed a two-tiered P.O. not modeled on this District's orders. (5/27 Email, L. Lesser).
- May 29: Plaintiff responded, in  part, to the proposal: "It looks like it varies quite a bit from what I typically see entered in SDNY (e.g. Magistrate Judge Aaron's Model Protective Order). … Can we meet and confer next week to get this sorted." (5/29 Email, T. Peter).
- June 3-11: Defendant proposed a Protective Order that "includes two tiers of confidentiality (in the event needed), based on the ND California's model P.O. where trade secrets or other highly confidential information is involved." (6/3 Email, Y. Golan). Plaintiff responded that

---

[1] Defendant discusses issues not before the court, like "what should or should not be produced[,]" or discussing a prior-proposed joint letter, which ***did lead*** to some further productive discussion. Defendant's discovery conduct, including its failure to produce all documents or make proper productions, has hamstrung Plaintiff's ability to conduct fulsome discovery. But the parties continue to work cooperatively toward resolution, so those issues are not before the court here.

our "primary concern is with the need for the AEO designation." (6/4 Email, T. Peter). Following a meet-and-confer, Plaintiff's counsel emailed edits to counsel for Defendant. (6/5 Email, T. Peter). Defendant sent revisions, "accepting all [Plaintiff's] changes and adding [Defendant's] edits on top[,]" regarding ESI. (6/11 Email, Y. Golan).

- June 17-18: Plaintiff's counsel proposed a single level of confidentiality and the option to confer as to any documents requiring heightened protection. (6/17 Email, T. Peter).
- June 20: Parties met and conferred. Plaintiff's counsel proposed a P.O. in line with other S.D.N.Y. cases. Defendant said that it would re-draft the P.O. in line with our discussions and similar orders entered in other cases, but never did so.
- July 28: Defendant produced 535 documents, unilaterally marking over half of the production (277) as Attorney's Eyes Only ("AEO").
    - o Defendant also sent a P.O. proposal containing its original positions, accepting only marginal suggestions from Plaintiff, and undoing any previous progress.
- Aug. 4-7: Plaintiff requested a meet and confer call. (8/4 Email, D. Guerra). Defendant responded and requested Plaintiff's availability. (8/5 Email, G. Salmas). Plaintiff responded proposing times. (8/5 Email, D. Guerra). Defendant did not respond. Plaintiff sent a follow up email on the day proposed to which Defendant did not respond. (8/7 Email, D. Guerra)
- Aug. 12: Plaintiff emailed Defendant, in part: "Your client's lack of responsiveness to my repeated requests to meet and confer on a host of pressing topics is concerning. Please let me know when you can discuss so we can resolve these issues. If I don't hear from you by noon tomorrow [8/13], we will be forced to seek Court intervention." (8/12 Email, T. Peter).
- Aug. 13: Plaintiff's counsel served on Defendant its portion of a draft discovery dispute letter outlining this and other manifest disputes. Since serving the draft letter, substantial progress has been made on other issues, but not the P.O..
- Aug. 19: The parties met and conferred about the P.O. but did not reach agreement.
    - o Following the call Plaintiff's counsel stated: "After further consideration of your position … we feel it best to seek input from the court on this fundamental issue." (8/19 Email, T. Peter). Defendant agreed. (8/21 Email, Y. Golan).

Based on the above chronology, the parties' impasse as to the P.O., and the waning time to complete discovery and furnish appropriate documents to experts, Plaintiff has no choice but to seek relief from this Court. Plaintiff requests an informal conference to discuss these disputes.[2]

### Defendant's Position:

*First*, there is no dispute as to what should or should not be produced. The only question is *who* can see it. Aldi submits that competitors should not view its most sensitive commercial information, and it requests the Court enter the proposed Protective Order (**Exhibit 1**) to avoid irreparable harm to its business. *See* **Exhibit 2** (Aldi Declaration).

---

[2] If a motion is necessary, Plaintiff will seek an order for all appropriate relief, including: (1) entering a single-level confidentiality and/or protective order; (2) confirming that all documents marked "AEO" are to be treated according to single-level confidentiality; (3) extending fact discovery until December 15, 2025; and (4) extending the expert reports deadline to January 5, 2026, due to the undue delay in Plaintiff being able to furnish necessary materials to expert witnesses.

***Second,*** this dispute does not justify an expansion of the generous discovery schedule. Aldi timely produced substantially everything sought, and Plaintiff is responsible for whatever delay she now feels. *See* **Exhibit 3** (attorney email correspondence, highlights added). Aldi respectfully requests the Court not reward Plaintiff's attempts to obfuscate and delay.

**Attorneys-Eyes-Only Confidentiality Designations**

This case involves extremely sensitive commercial information that would irreparably damage Aldi or its suppliers if disclosed to a competitor. *See* Exhibit 2. More specifically, this case involves product specifications, cost data, supplier terms, and product testing provided by the supplier that could cause significant and lasting competitive harm. *Id.*

Because of the risk that Plaintiff will retain an expert that works for a competitor, Aldi proposed a Protective Order that allows Aldi to designate this information as "Attorneys Eyes Only" ("AEO"). Exhibit 1 at ¶ 3. Despite its name, AEO documents can be shown to both experts and parties. *Id.* at ¶¶ 8-9. The only limitation is that, before the data is shared with an expert, Plaintiff must provide certain information so that Aldi can determine if the expert works with a competitor. *Id.* at ¶ 9(c). Alternatively, Plaintiff may request Aldi redact the AEO data. *Id.*

Plaintiff refused. Aldi revised the terms to address Plaintiff's concerns.[3]  She still refused.

Because the AEO designation is a non-issue if Plaintiff's experts do not work for a competitor, Aldi proposed a logical compromise. Plaintiff can simply disclose her experts and provide their CV so that Aldi can determine if they are competitors. *See* **Exhibit 4** (attorney email correspondence, highlight added). Because Plaintiff already stated that she is not using non-testifying experts, this information would need to be disclosed anyhow. *Id.*

Still, Plaintiff refused.

Aldi has no choice but to protect itself as if one or more of Plaintiff's experts work for a competitor. It respectfully requests the Court enter the proposed Protective Order (Exhibit 1).

Fed. R. Civ. P. 26(c)(1)(G) permits a court to enter an order "requiring that . . . commercial information not be revealed or be revealed only in a specified way." Aldi's proposal is reasonable and limited to only what is necessary to protect its business.

Similar AEO protections have been used in cases involving commercial data, including in class actions and in cases where the parties are not direct competitors. *See, e.g., Stout v. Remetronix, Inc.*, 298 F.R.D. 531, 536 (S.D. Ohio 2014) (in wage class action dispute, entering AEO protective order for pricing data "[a]lthough Plaintiffs themselves are not direct competitors of Defendants," reasoning

---

[3]    Plaintiff's timeline entry for June 20 states that Aldi did not provide a revised draft after the parties' conference. Not true. Aldi provided several revised drafts following the June 20 conference, including a revision that specifically identified which documents can be designated as AEO. Plaintiff rejected each one.

that "[i]f Defendants' competitors had access to the project hour sheets, Defendants could suffer harm in the market."); *In re Northshore Univ. Healthsystem,* 254 F.R.D. 338, 342 (N.D. Ill. 2008) (entering AEO protective order regarding documents containing non-parties' "contractual amendments, documents containing negotiation strategy, pricing analyses and strategy . . . [which are] types of documents as fitting within the gambit of trade secrets"); *Gold Grp. Enters., Inc. v. Bull,* No. CIV.A. 14-7410 ES, 2015 WL 3794719, at *5 (D.N.J. June 16, 2015) (rejecting argument that AEO designation is appropriate only when the parties are direct competitors, citing cases). *See also Fed. Open Mkt. Comm. of Fed. Rsrv. Sys. v. Merrill,* 443 U.S. 340, n.24 363 (1979) (regarding disclosure of "confidential commercial information," "commonly, the trial court will enter a protective order restricting disclosure to counsel, or to the parties.") (internal citations omitted).

**Attempt to Elongate the Discovery Schedule**

Plaintiff attempts to extend discovery deadlines, claiming "undue delay" in furnishing documents to experts, n.2, but she offers no argument as to why competitors should be permitted to see this data. Nor does she identify any document that has been wrongfully designated,[4] or why she cannot meet the already-generous November 5, 2025 deadline for experts. ECF 18.

In another attempt to expand the discovery deadlines, Plaintiff contends that Aldi has "hamstrung Plaintiff's ability to conduct fulsome discovery," *see* n. 1, *supra* and presents a timeline to suggest that Aldi has been unresponsive to "pressing" discovery issues, *see* p. 2, *supra* (August 12 and 13 entries).

Nonsense. Aldi addressed all these issues a month ago, on July 28. Exhibit 3.

Plaintiff fails to identify any aspect of discovery that is deficient, and any time-crunch Plaintiff may feel is due to her own delay. A full month ago, Aldi produced substantially all of the documents requested,[5] and asked if there was any reason why discovery deadlines should be extended. *Id.* Plaintiff should not be rewarded for taking a full month to respond.

Very truly yours,

Neal J. Deckant

CC: Counsel of record (via ECF)

---

[4]    To avoid delaying production, the parties agreed that Aldi would produce discovery under the terms of the proposed Protective Order, without prejudice to Plaintiff's objection.

[5]    In comparison, Plaintiff did not produce *any* documents until August 25.